

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 11 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

— against —

SHAMEEKA SMITH,

              Defendant.

14-CR-00115

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**Appearances**

**For United States of America:**

Saritha Komatireddy
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6054
saritha.komatireddy@usdoj.gov

**For Defendant:**

Lawrence D. Gerzog
233 Broadway, Suite 2707
New York, NY 10279
212-486-3003
ldglawoffice@aol.com

**JACK B. WEINSTEIN, Senior United States District Judge:**

**Table of Contents**

I. Introduction .................................................................................................................1

II. Instant Offense: Conspiracy to Import Heroin ..........................................................2

    A. Planning and Importation ....................................................................................2

    B. Arrest ...................................................................................................................3

    C. Guilty Plea ...........................................................................................................3

    D. Sentencing ...........................................................................................................3

III. Offense Level, Category, and Sentencing Guidelines Range ....................................3

IV. Law .............................................................................................................................4

V. 18 U.S.C. § 3553(a) Considerations ..........................................................................5

    A. Defendant's background ......................................................................................5

    B. Application ..........................................................................................................6

VI. Sentence .....................................................................................................................7

VII. Conclusion .................................................................................................................8

I. **Introduction**

Shameeka Smith pled guilty to the serious offense of conspiracy to import heroin. Despite this infraction, defendant has worked hard to overcome a very difficult childhood to establish a stable life for herself and three children.

The negative impact of an incareratory sentence on plaintiff and her children outweighs any benefits. For this reason, defendant is sentenced to time served, three years of supervised release, a $100 special assessment, and 500 hours of community service.

## II. Instant Offense: Conspiracy to Import Heroin

### A. Planning and Importation

The defendant was charged with participating in a conspiracy to import heroin into the United States from Ecuador. Presentence Investigation Report, Sept. 11, 2015 ("PSR"), at ¶ 1. As part of the conspiracy, she recruited an individual to transport narcotics into the United States from Ecuador. *Id.* at ¶ 4. On April 16, 2013, she went to two check cashing stores in Brooklyn with the recruited individual. She provided $2,500 to the recruited individual, which was then placed onto two debit cards. *Id.*

On May 17, 2013, she and a co-conspirator accompanied the recruited individual to a United States passport office so that the recruited individual and the co-conspirator could obtain a passport. She gave the recruited individual the money necessary to pay for the passport. *Id.*

On May 21, 2013, Smith accompanied the recruited individual to two more check cashing stores so that the individual could put another $2,500, which Smith provided, onto another debit card. *Id.*

Sometime before May 22, 2013, the date on which the recruited individual and co-conspirator were to leave for Ecuador, Smith provided instructions on how the recruited individual should communicate with her while on the smuggling trip. *Id.* at ¶ 5. On May 22, 2013, an unidentified male gave the recruited individual a computer, cell phone and petty cash. *Id.* at ¶ 6.

On May 27, 2013, the recruited individual and co-conspirator contacted Smith through Facebook, indicating that they had not received any responses to their emails to the unidentified mail and that they were running out of money. *Id.* at ¶ 7. Later that day, the unidentified male called the traveling co-conspirators and instructed them to remain in their hotel room until the male's "friend" came to see them. *Id.* at ¶ 7. The "friend" met the traveling co-conspirators in

the lobby of their hotel, took two bags that had been brought from the United States, and gave the travelers two computer bags containing heroin. *Id.* at ¶ 7.

On May 28, 2013, a credit card issued to defendant purchased two one-way tickets for flights from Quito, Ecuador to Guayaquil, Ecuador and from Guayaquil to New York. *Id.* at ¶ 8.

### B. Arrest

Smith was arrested on February 4, 2014. *Id.* at ¶ 9; Arrest Warrant Returned Executed, Feb. 4, 2015, ECF No. 3.

### C. Guilty Plea

On August 20, 2014, defendant pled guilty before Magistrate Judge Marilyn D. Go to Count 1 of a two-count Superseding Indictment. Hr'g Tr., Aug. 20, 2014, at 16:22-24. Count 1 charges that between April 2012 and May 2013, the defendant, together with others, conspired to import heroin into the United States, in violation of 21 U.S.C. §§ 960(b)(3) and 963. PSR at ¶ 1.

### D. Sentencing

A sentencing hearing was held on November 17, 2015, and continued on December 14, 2015. The proceedings were videotaped to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a court evaluates in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal). Defendant's mother, step-father, aunt and cousin were present at the first hearing; her mother and aunt were present at the second hearing. *See* Hr'g Tr., Nov. 17, 2015; Hr'g Tr., Dec. 14, 2015. The court dismissed Count 2 on the government's motion.

## III. Offense Level, Category, and Sentencing Guidelines Range

The total offense level is 31. PSR at ¶ 23. The calculation of the total offense level includes a two-level increase for defendant's role in the offense, and three-level decrease for her

acceptance of responsibility and prompt notification of her intention to plead guilty, which spared the Court and the Government resources for investigation and trial preparation. *Id.* at ¶¶ 12, 17, 21, 22. This is defendant's first offense, so she is in criminal history of category I. *Id.* at ¶ 27. The guideline imprisonment range for an offense level of 31 and criminal category I is 108 and 135 months. *See* U.S.S.G. Ch. 5, Part A.

IV. **Law**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.*

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), abrogated in part on other grounds by *Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (*en banc*) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, their families, society and our economy, parsimony in incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary"); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and*

4

*Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy."); *see also United States v. Aguilar*, No. 14-CV-0668, --- F. Supp. 2d ----, 2015 WL 4774507, *4-*7 (E.D.N.Y. Aug. 14, 2015) (documenting evidence of negative impact on children of parent's separation).

## V. 18 U.S.C. § 3553(a) Considerations

### A. Defendant's background

Defendant is a 36-year-old and mother to three children, ages 19 years, 10 years and 5 months. PSR, at ¶¶ 41, 43, 45. All of her children live with her and her boyfriend, who is the father of the youngest child, in a New York City Housing Authority apartment. PSR ¶ 46; Hr'g Tr., Nov. 17, 2015.

Smith's biological parents separated when she was approximately 5 years old. PSR ¶ 35. Though she currently maintains a close relationship with her biological father – who has been diagnosed with a chronic and possibly life threatening condition – she lived mostly with her mother growing up. *Id.* at ¶¶ 32, 35, 37.

After her biological parents separated, her mother became romantically involved with another man who eventually adopted Smith. *Id.* at ¶ 35. Both defendant's biological father and her adoptive father physically abused her mother. *Id.* at ¶ 37. When Smith was 6-years-old, her mother and adoptive father began using crack cocaine. *Id.* at ¶ 35. Until 1990, when her mother stopped using drugs, defendant and her siblings were often left without adult supervision, food or electricity. *Id.* Smith reported that she was sexually molested by three different individuals during her childhood. *Id.* at ¶¶ 38-40.

When she was 17-years-old defendant became pregnant with her first child. As a result, she dropped out of high school with a 10th grade education. *Id.* at ¶ 51. The father is not involved in the child's life and does not pay his court-ordered child support. *Id.* at ¶ 41.

5

Defendant had her second child when she was 23-years-old. The father of that child is currently incarcerated. *Id.* at ¶¶ 42-43. Defendant is currently in a relationship and lives with the father of her youngest child, who is 5 months old. *Id.* at ¶¶ 45-46.

Smith began working for the New York City Housing Authority in 1999 and was laid off in 2009, shortly after the birth of her second child. *Id.* at ¶ 60. She held several jobs and was on-and-off public assistance until December 2014, when she began working as a telephone representative. *Id.* at ¶¶ 52-59. Since being arrested defendant has successfully completed a retail customer service training course and obtained an employment essentials business certification from Housing Works. Pretrial Supervision Status Report, Nov. 16, 2015.

If defendant is incarcerated, she would likely lose her apartment and her children would need to move in with her mother. *See* Hr'g Tr., Nov. 17, 2015. Her mother currently lives on a subsistence basis. *See id.*; Second Addendum to the Presentence Report. The addition of three children to the mother's two-bedroom apartment would result in very crowded living conditions. *See* Hr'g Tr., Nov. 17, 2015; Second Addendum to the Presentence Report.

### B. Application

Importation of illicit substances is a pervasive problem and conspiracy to facilitate that importation is a serious crime. While the time and energy defendant contributed to this conspiracy constitutes a serious crime, she has no previous criminal history, did not stand to gain financially from the conspiracy, and cooperated fully with investigators and prosecutors. As a consequence of her conviction, Smith will gain the status of felon, which will be accompanied by numerous other collateral consequences, including loss of certain employment opportunities, licensing restrictions and loss of the right to vote.

The defendant had a traumatic childhood as a result of the crack cocaine epidemic of the 1980's. She experienced sexual abuse, domestic violence, and all of the stressors associated with

6

extreme poverty. However, as a parent she has worked hard to prevent her children from such grave experiences. The three children in her home are all physically and emotionally dependent on her. Her son is expected to graduate high school in the spring and her daughter just turned 10.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

A custodial sentence is unnecessary and would cause immeasurable harm to the children, especially her daughter, whose father is already in prison. In imposing a noncustodial sentence, the court expects that Ms. Smith will continue to participate in her children's education and care, providing them with productive opportunities away from the allure of criminal involvement. Additionally, her progress with "Employment Works" has demonstrated her own devotion to obtaining gainful employment and provided her with resources necessary to achieve that.

## VI. Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. 18 U.S.C. § 3553(a)(2)(B). In light of the nature of the offense and the characteristics of the defendant, defendant is sentenced to time-served, a supervised release term of three years, and 500 hours of community service. Hr'g Tr., Dec. 14, 2015. A $100 special assessment is imposed. 18 U.S.C. § 3013(a)(2)(A). No fine is levied because defendant is unlikely to have assets from which to pay a fine. PSR at ¶¶ 62-64.

General deterrence is satisfied with the sentence imposed. The sentence will send a message that any involvement, for whatever purpose and in whatever capacity, in a conspiracy to import drugs into the United States will result in punishment. Specific deterrence is achieved

7

through the defendant's understanding of the consequences that accompany a charge such as this and the many collateral consequences above mentioned. It is unlikely that she will engage in further criminal activity in light of her disassociation with the co-conspirators, her family obligations, including the recent birth of her youngest child, and her evident remorse for her behavior.

## VII. Conclusion

All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: December 14, 2015
Brooklyn, New York