UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | 14-CR-00115 |
| – against – | Amended Statement of Reasons Pursuant to |
| SHAMEEKA SMITH, | 18 U.S.C. § 3553(c)(2) |
| Defendant. | |

**Appearances**

**For United States of America:**

    Saritha Komatireddy
    United States Attorney's Office
    Eastern District of New York
    271 Cadman Plaza East
    Brooklyn, NY 11201
    718-254-6054
    saritha.komatireddy@usdoj.gov

**For Defendant:**

    Lawrence D. Gerzog
    233 Broadway, Suite 2707
    New York, NY 10279
    212-486-3003
    ldglawoffice@aol.com

**JACK B. WEINSTEIN, Senior United States District Judge:**

**Table of Contents**

I. Introduction ........................................................................................................... 1
II. Instant Offense: Conspiracy to Import Heroin .................................................... 1
   A. Planning and Importation ............................................................................... 1
   B. Arrest .............................................................................................................. 2
   C. Guilty Plea ..................................................................................................... 3
   D. Sentencing ..................................................................................................... 3
III. Offense Level, Category, and Sentencing Guidelines Range ............................. 3
IV. Law .................................................................................................................... 4
V. 18 U.S.C. § 3553(a) Considerations ................................................................... 5
   A. Defendant's Background ................................................................................ 5
   B. Application ..................................................................................................... 6
VI. Sentence ............................................................................................................. 7
VII. Conclusion ........................................................................................................ 8

## I. Introduction

Shameeka Smith pled guilty to the serious offense of conspiracy to import heroin. She has worked hard to overcome a difficult childhood and to establish a stable, lawful life for herself and her three children.

The negative impact of a prison sentence on defendant and her children outweighs any benefits. For this reason, defendant is sentenced to time served, three years of supervised release, a $100 special assessment, and 500 hours of community service.

## II. Instant Offense: Conspiracy to Import Heroin

### A. Planning and Importation

Defendant was charged with participating in a conspiracy to import heroin into the United States. Presentence Investigation Report, Sept. 11, 2015 ("PSR"), at ¶ 1. As part of the conspiracy, she recruited an individual ("recruit") to transport narcotics into the United States

1

from Ecuador. *Id.* at ¶ 4. On April 16, 2013, she went to two check cashing stores in Brooklyn with the recruit. There, she provided $2,500 to the recruit, used to purchase two debit cards. *Id.*

On May 17, 2013, Ms. Smith accompanied the recruit and a co-conspirator ("conspirator") to a United States passport office so that the recruit and the conspirator could obtain passports. She gave the recruit the money to pay for the passports. *Id.*

On May 21, 2013, Ms. Smith accompanied the recruit to two more check cashing stores to purchase another $2,500 debit card. *Id.*

Sometime before May 22, 2013, the date on which the recruit and conspirator were to leave for Ecuador, defendant provided instructions on how the recruit should communicate with her while on the smuggling trip. *Id.* at ¶ 5. Prior to the departure, an unidentified male ("male") gave the recruit a computer, cell phone and petty cash for the trip. *Id.* at ¶ 6.

The recruit and conspirator left for Ecuador on May 22, 2013. On May 27, 2013, they contacted defendant from Quito through Facebook, indicating that they had not received any responses to their emails to the male and that they were running out of money. *Id.* at ¶ 7. Later that day, the male called the recruit and the conspirator and instructed them to remain in their hotel room until the male's friend came to see them. *Id.* The friend met the co-conspirators in the lobby of their hotel, took two bags that had been brought from the United States, and gave the travelers two computer bags containing heroin. *Id.*

On May 28, 2013, a credit card issued to defendant was used to purchase two one-way tickets for flights from Quito, Ecuador to Guayaquil, Ecuador and from Guayaquil to New York. *Id.* at ¶ 8.

**B.   Arrest**

Defendant was arrested on February 4, 2014. *Id.* at ¶ 9; Arrest Warrant Returned Executed, Feb. 4, 2014, ECF No. 3.

### C. Guilty Plea

On August 20, 2014, defendant pled guilty before Magistrate Judge Marilyn D. Go to count one of a two-count Superseding Indictment. Hr'g Tr., Aug. 20, 2014, at 16:22-24. Count one charges that between April 2012 and May 2013, defendant, together with others, conspired to import heroin into the United States. *See* 21 U.S.C. §§ 960(b)(3) and 963; PSR at ¶ 1.

### D. Sentencing

A sentencing hearing was conducted on November 17, 2015, and continued to December 14, 2015. The proceedings were videotaped to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a court evaluates in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

Strong family support for defendant was apparent. Defendant's mother, step-father, aunt and cousin were present at the first hearing; her mother and aunt were present at the second. *See* Hr'g Tr., Nov. 17, 2015; Hr'g Tr., Dec. 14, 2015.

### III. Offense Level, Category, and Sentencing Guidelines Range

The court dismissed count two on the government's motion. The total offense level for count one is 31. PSR at ¶ 23. This includes a two-level increase for defendant's role in the offense, and a three-level decrease for her acceptance of responsibility and prompt notification of her intention to plead guilty, which spared the court and government resources for investigation and trial preparation. *Id.* at ¶¶ 12, 17, 21, 22. This is defendant's first offense, so she is in criminal history category I. *Id.* at ¶ 27. The guideline imprisonment range is 108 to 135 months. *Id.* at ¶ 66; U.S.S.G. Ch. 5, Part A.

## IV. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.*

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), abrogated in part on other grounds by *Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (*en banc*) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their deleterious effects on individuals sentenced, their families, society and our economy, parsimony in incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary"); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy."); *see also United States v. Aguilar*, 133 F. Supp. 3d 468, 476-80 (E.D.N.Y. 2015) (documenting evidence of negative impact on children of parents' separation).

## V.     18 U.S.C. § 3553(a) Considerations

### A.     Defendant's Background

Defendant is a 36-year-old mother to three children, ages 19 years, 10 years and 5 months. PSR at ¶¶ 41, 43, 45. All of her children live with her and her boyfriend, who is the father of the youngest child, in a New York City Housing Authority apartment. *Id.* at ¶ 46; Hr'g Tr., Nov. 17, 2015.

Ms. Smith's biological parents separated when she was about 5 years old. PSR at ¶ 35. Though she currently maintains a close relationship with her biological father – who has been diagnosed with a chronic and possibly life threatening condition – she lived mostly with her mother while growing up. *Id.* at ¶¶ 32, 35, 37.

After her biological parents separated, her mother became romantically involved with another man who eventually adopted Ms. Smith. *Id.* at ¶ 35. Both defendant's biological father and her adoptive father physically abused her mother. *Id.* at ¶ 37. When Ms. Smith was about 6 years old, her mother and adoptive father began using crack cocaine. *Id.* at ¶ 35. As a result of the parents' drug abuse, defendant and her siblings were often left without adult supervision, food or electricity. *Id.* Defendant reported that she was sexually molested by three individuals during her childhood. *Id.* at ¶¶ 38-40.

When she was 17 years old defendant became pregnant with her first child. As a result, she dropped out of high school with a 10th grade education. *Id.* at ¶ 51. The biological father is not involved in the child's life and does not consistently pay court-ordered child support. *Id.* at ¶ 41. Defendant had her second child when she was 23 years old. The father of that child is currently incarcerated. *Id.* at ¶¶ 42-43. Defendant is in a relationship and lives with the father of her youngest child, who is 5 months old. *Id.* at ¶¶ 45-46.

Ms. Smith began working for the New York City Housing Authority in 1999; she was laid off in 2009, shortly after the birth of her second child. *Id.* at ¶ 60. She held several other jobs, but was on-and-off public assistance until December 2014, when she began working as a telephone representative. *Id.* at ¶¶ 52-59. Since being arrested, defendant has successfully completed a retail customer service training course and obtained a business employment certification from "Employment Works." Pretrial Supervision Status Report, Nov. 16, 2015.

If defendant is incarcerated, she would likely lose her apartment. Her children would need to move in with their grandmother, who lives with defendant's step-father and teenage niece in a two-bedroom apartment. The grandmother relies on her pension and her husband's disability benefits to make ends meet. *See* Hr'g Tr., Nov. 17, 2015; Second Addendum to the Presentence Report, Nov. 23, 2015. Three additional children in the grandmother's two-bedroom apartment would create overcrowding. *See* Hr'g Tr., Nov. 17, 2015; Second Addendum to the Presentence Report, Nov. 23, 2015.

**B.  Application**

Importation of illicit substances is a pervasive problem. Conspiracy to facilitate importation is a serious felony. While the time and energy defendant contributed to this conspiracy was substantial, she has no previous criminal history, did not stand to gain financially, and cooperated fully with investigators and prosecutors. As a consequence of her conviction, defendant will have the status of felon, with numerous collateral consequences, including loss of many employment opportunities, licensing restrictions and loss of the right to vote.

Defendant had a traumatic childhood. She experienced sexual abuse, domestic violence, and all of the stressors associated with extreme poverty and drug addicted parents. She has worked hard to protect her children from her own experiences. The three children in her home

6

are physically and emotionally dependent on her. Her son is expected to graduate from high school in the spring and her daughter, who just turned 10, appears to be doing well in school.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under section 3553(a) of title 18 to ensure that the sentence is "sufficient, but not greater than necessary to comply with the purposes" of sentencing. The court gave weight to the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

A custodial sentence is unnecessary. It would cause grave harm to three children, especially to defendant's daughter, whose father is in prison.

The court expects that defendant will continue to participate in her children's education and care, providing them with productive opportunities free of criminality. Her progress with "Employment Works" has demonstrated her devotion to obtaining gainful employment and provided her with resources to obtain and hold a job.

## VI. Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. In light of the nature of the offense and the characteristics of the defendant, defendant is sentenced to time served, a supervised release term of three years, and 500 hours of community service. Hr'g Tr., Dec. 14, 2015. A $100 special assessment is imposed. 18 U.S.C. § 3013(a)(2)(A). No fine is levied because defendant is unlikely to have assets from which to pay a fine. PSR at ¶¶ 62-64.

General deterrence is satisfied. The sentence will send a message that involvement in a conspiracy to import drugs into the United States will result in punishment. Specific deterrence is achieved through defendant's understanding of the consequences that accompany a charge such as this and the many adverse collateral consequences she will suffer. It is unlikely that she

will engage in further criminal activity in light of her separation from the conspirators, her family obligations, and her evident remorse.

## VII. Conclusion

All relevant elements of the guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: September 7, 2016
Brooklyn, New York